[Cite as *Toledo v. Cook*, 2019-Ohio-1484.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

      Appellee

v.

Brian Cook

      Appellant

Court of Appeals No. L-18-1146

Trial Court No. TRC-17-28088

**DECISION AND JUDGMENT**

Decided:  April 19, 2019

\* \* \* \* \*

David Toska, Chief Prosecutor, and Jimmie Jones, Assistant
Prosecutor, for appellee.

Alan J. Lehenbauer, for appellant.

\* \* \* \* \*

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 19, 2018 judgment of the Toledo Municipal

Court, denying appellant's motion to suppress in the underlying operating a motor

vehicle while under the influence case.  For the reasons set forth below, this court affirms

the judgment of the trial court.

**{¶ 2}** Appellant, Brian Cook, sets forth the following two assignments of error:

I. THE TRIAL COURT ERRED IN FINDING THAT THE ARRESTING OFFICER HAD PROBABLE CAUSE TO ARREST APPELLANT ON DRIVING UNDER THE INFLUENCE.

II. THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS BECAUSE THERE WAS NO IN-COURT IDENTIFICATION OF APPELLANT AS THE PERSON WHO COMMITTED THE OFFENSES.

**{¶ 3}** The following undisputed facts are relevant to this appeal. On the afternoon of December 30, 2017, a Toledo Police Department crew on routine patrol received several radio calls notifying them to be on the lookout for a vehicle driving recklessly. The vehicle had just caused an accident at the intersection of Heatherdowns Blvd. and Eastgate Rd. The officers were provided with a detailed description of the subject vehicle, including the vehicle's license plate number.

**{¶ 4}** Approximately ten minutes later, the officers observed the vehicle that they had received the notifications about and began to follow it. Shortly thereafter, the officers observed the vehicle weaving across marked lanes and run a red light.

**{¶ 5}** Following these observations, the officers initiated a traffic stop. Upon approaching the vehicle, the officers observed that appellant, the vehicle driver, was not responsive to their verbal commands. Due to safety concerns, appellant was removed from the vehicle, handcuffed, and placed in the police vehicle.

2.

**{¶ 6}** During this process, the officers detected a strong odor of alcohol, observed that appellant had difficulty standing and walking, and observed that appellant was slow in responding to commands.

**{¶ 7}** Based upon these events and observations, appellant was arrested and charged with one count of operating a motor vehicle while under the influence, in violation of R.C. 4511.19(A)(1), one count of failure to stop after an accident, in violation of R.C. 4549.02, and one count of failure to obey a traffic control device, in violation of R.C. 4511.12.

**{¶ 8}** On January 5, 2018, appellant pled not guilty to these offenses. On May 18, 2018, appellant filed a motion to suppress. On June 19, 2018, the trial court conducted an evidentiary hearing on appellant's pending motion to suppress.

**{¶ 9}** During the motion to suppress hearing, the arresting officer testified that while on duty on December 30, 2017, his patrol team received several radio calls notifying all officers on duty to watch out for a particular vehicle. They were provided with a vehicle description, including the vehicle license plate number. The subject vehicle had just been observed and reported by multiple witnesses driving recklessly and causing an accident.

**{¶ 10}** The officer further testified that shortly after receiving these calls he observed the subject vehicle, verified that it matched the information provided, and began following it. The officer next observed appellant weaving across marked lanes and running a red light. Accordingly, a traffic stop was conducted.

3.

{¶ 11} Due to appellant's inability to respond to the verbal commands of the officers, appellant was removed from his vehicle, handcuffed, and placed in the police cruiser. During this process, the officer testified detecting a strong odor of alcohol, observed appellant to be unsteady on his feet, had difficulty standing and walking, and was very slow in reacting and responding to verbal commands.

{¶ 12} The officer testified that given these circumstances, he requested a tow of the vehicle. The officer was unable to perform standard field sobriety tests as appellant was unable to stand.

{¶ 13} The officer testified on cross-examination that although they had not been provided with a description of the driver of the vehicle, appellant's vehicle description and license plate number matched the subject vehicle. The officer's testimony further reflects that the subject vehicle was spotted by the officer minutes after being notified about it. In addition, the officer was on patrol in the same general vicinity of Toledo where the vehicle had been reported.

{¶ 14} The officer further testified that appellant was unable to sit, fell onto the seat of the police cruiser, smelled strongly of intoxicating beverages, had glassy eyes, slurring speech, and difficulty responding to questions.

{¶ 15} Notably, when questioned as to who specifically the officer had this encounter with, the officer positively identified appellant. Counsel for appellee inquired of the officer, "And when you refer to S1 [suspect], who is that referring to?" The officer affirmatively replied, "Suspect one, the defendant."

4.

{¶ 16} The trial court ultimately concluded, "So in the totality of the circumstances, report of a hit skip accident matching the description of the vehicle * * * running the red light and swerving across the lines was probable cause * * * the testimony of the odor of alcohol, the non-responsiveness in the speech * * * there is probable cause." The motion to suppress was denied.

{¶ 17} Following the denial of the suppression motion, a plea agreement was reached in which appellant pled guilty to the count of operating a motor vehicle while under the influence and the traffic control device violation. In exchange, appellee dismissed the offense of leaving the scene of an accident.

{¶ 18} The trial court noted that appellant's record included prior reckless operation and operation of a motor vehicle while under the influence convictions. Appellant was sentenced to a 180-day term of incarceration, with 150 days suspended, 25 days to be served on electronic monitoring, and 5 days to be served at the Corrections Center of Northwest Ohio ("CCNO"). This appeal ensued.

{¶ 19} In the first assignment of error, appellant asserts that the trial court erred in finding probable cause for appellant's arrest. We do not concur.

{¶ 20} It is well-established that the standard of appellate review for a disputed motion to suppress requires this court to assume that the trier of fact is in the best position to resolve questions of fact and to evaluate witness credibility. As such, the appellate court is bound to accept the trial court findings, so long as they are supported by

5.

competent, credible evidence. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

{¶ 21} As applied to the instant case, we note that the record reflects that officers on patrol on December 30, 2017, received two notifications of a vehicle driving recklessly that had just caused an accident. The vehicle description and license plate number were provided to the patrol officers.

{¶ 22} The record further reflects that shortly thereafter, while on patrol in the same vicinity of Toledo, the officers observed the vehicle, verified the vehicle identifiers, and began to follow it. The officers next observed the vehicle swerve and run a red light.

{¶ 23} Upon initiating a traffic stop, the officers observed appellant, the driver of the vehicle, to be unresponsive, exhibiting a strong odor of alcohol, glassy-eyed, slurring his speech, and so unable to stand as a result of impairment that they could not perform standard field sobriety tests.

{¶ 24} We find that the record reflects ample, credible evidence in support of the disputed probable cause determination. We find appellant's first assignment of error not well-taken.

{¶ 25} In appellant's second assignment of error, appellant asserts that the trial court denial of the motion to suppress was erroneous based upon appellant's position that the testifying officer did not identify appellant as the perpetrator during the motion to suppress hearing. We do not concur.

6.

{¶ 26} In support of the second assignment of error, appellant argues, "At the suppression hearing, counsel for the city of Toledo did not engage in any discussion with [the officer] wherein the officer identified [appellant] to be the driver of the vehicle stopped on December 30, 2018. The transcript of the proceedings does not comport with appellant's assertion.

{¶ 27} Our review of the suppression hearing transcript reveals several instances during the hearing in which appellant was positively identified as the offender by the officer. During the hearing, the dash cam video of the incident was shown. When asked by counsel for appellee what the current portion of the video was showing, the officer replied, "I'm giving commands, to the driver, to shut the vehicle off." When next asked what the immediately following video footage reflected, the officer responded, "We were handcuffing the defendant [appellant]."

{¶ 28} In addition, counsel for appellee asked the officer about the audio heard in the background of the dash cam video. Counsel inquires, "Officer * * * is that the defendant that we hear in the video?" The officer affirmatively replies, "Yes."

{¶ 29} During a later portion of the suppression hearing, the officer is questioned about his written investigation report regarding the incident. Counsel for appellee had the officer review the details of the report and then asked, "And that was your report?" The officer replied, "Yes." Counsel then inquired, "And when you refer to S1, who is that referring to?" The officer affirmatively identified appellant replying, "Suspect one, the defendant."

7.

{¶ 30} We find that contrary to appellant's position, the transcript of proceedings of the suppression hearing reflects that the officer's testimony positively identified appellant as the offender, the driver of the vehicle.

{¶ 31} Appellant suggests, without evidentiary support, that because a description of the person driving the vehicle was not provided to the officers in the initial radio calls, that some unknown party could have been driving the subject vehicle at the time of the accident, immediately prior to appellant's arrest while driving that same vehicle several minutes later.  We are not persuaded.

{¶ 32} Wherefore, we find appellant's second assignment of error not well-taken.

{¶ 33} On consideration whereof, the judgment of the Toledo Municipal Court is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.